UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDANTE LAMONT GOLDSBY,<br><br>       Plaintiff,<br><br>vs.<br><br>AMANDA KASCHMITTER, J. RAMBO, JOANNE McPHEETERS, and DOES I-X,<br><br>       Defendants. | Case No. 1:14-cv-00032-REB<br><br>**INITIAL REVIEW ORDER** |

The Complaint of Plaintiff Andante Lamont Goldsby was conditionally filed by the Clerk of Court due to his status as an inmate and request for in forma pauperis status. (Dkt. 3, 1.) Since the filing of his Complaint, Plaintiff has retained counsel, who has filed an Amended Complaint and paid the filing fee. (Dkt. 12.) The Court is required to review each "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915A.

Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

**INITIAL REVIEW ORDER - 1**

# REVIEW OF COMPLAINT

**1.      Standard of Law Governing Review of Prisoner Complaints**

Each complaint filed by a prisoner seeking relief against a governmental entity or its employees must be reviewed by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The Court's review of the Complaint is governed by two United States Supreme Court cases requiring a plaintiff to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In *Iqbal*, the Court made it clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S.Ct. at 1949. The United States Court of Appeals for the Ninth Circuit explained that these cases set forth two important pleading standards:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of

**INITIAL REVIEW ORDER - 2**

rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (there is no respondeat superior liability under §1983).

## 2. Background and Introduction

Plaintiff's claims arose when he was confined by the Idaho Department of Correction (IDOC) at the North Idaho Correctional Institution (NICI) in the Therapeutic Community (TC) rehabilitation program, during a time period after sentencing on a DUI conviction, but before a determination was made whether the court would require him to serve additional prison time or allow him to be released on probation. Plaintiff alleges that his First and Fourteenth Amendment rights were violated when Defendant Kaschmitter racially discriminated against him, Defendants Rambo and McPheeters refused to take any action to stop the racial discrimination, Defendants made false oral and written statements about him to the sentencing judge, and Defendants retaliated against him for reporting the discrimination.

Plaintiff particularly alleges that, after Plaintiff complained that Defendant Kaschmitter was racially discriminating against him, Defendant Kaschmitter and McPheeters retaliated by "impeding his ability to complete treatment in the Rider

Program, terminating him from programming, giving him unfavorable classification, and adversely affecting his ability to get probation." (Dkt. 12, p. 11.) Defendant Rambo allegedly knew of but did nothing to stop the discriminatory and retaliatory actions.

Defendant McPheeters took the further step of recommending that the sentencing court relinquish jurisdiction of Plaintiff, because he was "us[ing] color/race as an attempt to manipulate" staff, and because Plaintiff was not progressing in the program, "due to him focusing on staff members for being 'racist' or 'prejudiced' toward him." (Dkt. 12, pp. 8-9).

Plaintiff alleges that the sentencing judge had been considering mental health court or probation for Plaintiff, but, when Defendant Kaschmitter testified at a hearing before the court, "[Kaschmitter] testified that she had not made racial comments to Goldsby and had not authorized others to make racial comments." (*Id.*, p. 11.) Plaintiff alleges that, "[a]fter reflecting on defendant Kaschmitter's testimony, the presentence report, and the nature of the offence [sic], Judge Gibler sentenced [Plaintiff] to prison for one year and six months fixed and four years and six months indeterminate." (*Id.*) Stated another way, Plaintiff alleges that Defendants' actions "result[ed] in [Plaintiff ] being sent to prison rather than probation." (*Id.*, p. 12.)

Plaintiff also alleges that these facts support a claim that his Fourteenth Amendment right to equal protection was violated. Plaintiff requests compensatory and punitive damages, as well as attorney fees and costs.

**INITIAL REVIEW ORDER - 4**

3.      *Heck v. Humphrey* Issue

Plaintiff does not assert whether he raised the issue of Defendants' alleged racial discrimination before the sentencing judge. The truth or falsity of the racial discrimination allegations would have been a key part of the judge's consideration of whether to grant probation or require incarceration. Plaintiff seems to be asserting that Defendants' actions made it impossible for him to complete the program, and their additional allegedly false explanation of the reasons for Plaintiff's lack of progress in the program was the deciding factor in the sentencing judge's decision to require incarceration rather than grant probation.

The threshold question raised by the allegations that Defendants' actions caused Plaintiff to be incarcerated rather than be released on probation is whether the claims must be brought in his state criminal action or in a federal habeas corpus action, as a result of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck*, if a favorable verdict in this case would necessarily imply the invalidity of the state court's decision to relinquish jurisdiction of Plaintiff's criminal case and deny probation, the claims are presently barred, unless his sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* A "claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the United States Supreme Court determined that *Heck* was

**INITIAL REVIEW ORDER - 5**

applicable to parole challenges. *Heck* has also been applied to probation challenges. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (*Heck* extends to complaints about actions taken by officers that would necessarily imply the invalidity of the revocation of a probation or parole).

Plaintiff clearly alleges that the discriminatory behavior "adversely affect[ed] his ability to get probation." (Dkt. 12, Amended Complaint, ¶ 62.) Under somewhat similar circumstances in considering application of *Heck*, one court observed, "it is difficult to conceive of a scenario under which a court could conclude that the plaintiff was confined in violation of his equal protection rights, yet find that his confinement was nonetheless valid." *Neblett v. Concord Federal Probation*, 2014 WL 808848, at *4 (D.N.H. 2014). *See also Rheaume v. Hofmann*, 2011 WL 2947040 (D.Vt. 2011) (claim that probation officer provided false testimony during probation revocation hearing testimony barred by *Heck*). Because the *Heck v. Humphrey* question cannot be answered without further development of the record, the Court will permit Plaintiff to proceed on his claims.

4.      **Quasi-Judicial Immunity**

A second question is whether Defendants Kaschmitter and McPheeters are protected by quasi-judicial immunity for the recommendations they made to the sentencing court and testimony they gave in court that led to the court's relinquishment of jurisdiction in Plaintiff's criminal case. Some of Plaintiff's claims appear to be subject to absolute quasi-judicial immunity or absolute witness immunity, both of which require dismissal of such claims. In *Demoran v. Witt*, 781 F.2d 155, 157-58 (9th Cir. 1985), the

**INITIAL REVIEW ORDER - 6**

court held that probation officers preparing presentence reports for state court judges are entitled to absolute immunity from suit for damages under § 1983 because they "serve a function integral to the independent judicial process. Like parole board members, they act as an arm of the sentencing judge." *Id*. at 157.

The United States Court of Appeals for the Ninth Circuit has not specifically addressed whether probation officers or persons performing evaluations in court-mandated rehabilitative programs should be afforded immunity from damages in suits for activities not related to the preparation of presentence reports, but the Ninth Circuit generally follows the "function" test when determining issues of absolute immunity. *See id.; see also Johnson v. Rhode Island Parole Bd. Members*, 815 F.2d 5, 6-7 (1st Cir. 1987).

As to Plaintiff's allegations that Defendant Kaschmitter testified falsely in court, it is well established that trial witnesses have absolute immunity for their testimony, regardless of whether it is false. *Briscoe v. LaHue*, 460 U.S. 325 (9th Cir. 1978). Absolute immunity applies even where two witnesses conspire together to present false testimony at trial, where the alleged pretrial conspiratorial behavior is inextricably tied to trial testimony. *Franklin v. Terr*, 201 F.3d 1098, 1102 (9th Cir. 2000).

Here, Defendants' functions and ties to the judiciary are unclear from Plaintiff's Amended Complaint. As a result, the Court will permit Plaintiff's claims to proceed to the next stage of litigation.

**INITIAL REVIEW ORDER - 7**

**5.     Conclusion**

Plaintiff may proceed against Defendants on his claims of First Amendment retaliation and Fourteenth Amendment equal protection, to the extent that his claims do not implicate the *Heck v. Humphrey* bar or quasi-judicial immunity. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims or an endorsement of any defense that Defendant may assert.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DEEMED MOOT, because he has paid the filing fee.

2. Plaintiff shall accomplish service of process within **120 days** after entry of this Order.

3. Within **30 days** after service of process of the Amended Complaint upon Defendants, counsel for the parties shall confer as to a pretrial schedule and submit a stipulation for deadlines for amendment of the pleadings, disclosure, discovery deadlines, expert witness disclosure deadlines, and dispositive motions.

**INITIAL REVIEW ORDER - 8**

4.  If, instead of filing an answer, Defendants file a motion to dismiss under Federal Rule of Civil Procedure 12(b) or a motion for summary judgment under Rule 56 that addresses preliminary procedural issues rather than the merits, then disclosures and discovery shall be automatically stayed with the exception that Defendants shall submit with any exhaustion-of-administrative-remedies motion a copy of all grievance-related forms and correspondence, including a copy of original handwritten forms submitted by Plaintiff that either fall within the relevant time period or that otherwise relate to the subject matter of a claim. Submission of a motion for summary judgment addressing procedural issues does not foreclose any party from later filing a motion for summary judgment on the merits.

DATED: **October 17, 2014**

_Ronald E. Bush_
Honorable Ronald E. Bush
U. S. Magistrate Judge

**INITIAL REVIEW ORDER - 9**